**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TARON HARRISON, on behalf of himself, the putative Collective, and other similar situated employees,<br><br>Plaintiff,<br>v.<br>BUILDING SECURITY SERVICES, INC.,<br><br>Defendant. | Case No. 2:26-cv-10846<br><br>**REPRESENTATIVE & COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Taron Harrison ("Plaintiff"), on behalf of himself, the Collective, and other similar situated employees (together "Plaintiffs"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this New Jersey representative action and Fair Labor Standards Act ("FLSA") collective action on behalf of himself and other individuals who work or have worked for Building Security Services, Inc. ("Building Security Services" or "Defendant") as non-exempt, hourly employees, to challenge Defendant's violations of the FLSA , 29 U.S.C. §§ 201, *et seq*., the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.* ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq.* ("NJWPL") to recover wages for time spent working while off the clock at the required overtime wage rate, liquidated damages, attorneys' fees, and costs owed to Plaintiff and all similarly situated current and former employees of Defendant.

2. Plaintiff challenges Defendant's policies and practices of: (1) failing to pay Plaintiff, Collective Members and other similarly situated employees payment for all hours worked; (2) failing to pay Plaintiff, Collective and other similar situated employees overtime

wages; and (3) failing to provide Plaintiff and other similar situated employees required wage statements upon payment of wages.

3. Building Security Services is a security company that services customers in New Jersey, with its headquarters in South Orange, New Jersey.

4. Plaintiff and other similar situated employees are current and former employees who worked for Building Security Services as non-exempt hourly employees throughout the state of New Jersey.

5. Plaintiff and members of the Collective are current and former employees who worked for Defendant as non-exempt hourly employees throughout the United States, including in the state of New Jersey.

**JURISDICTION AND VENUE**

6. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the New Jersey Labor Law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. The Defendant resides in this judicial district and is subject to personal jurisdiction here.

**PARTIES**

8. Plaintiff Taron Harrison is an individual over the age of eighteen and resides in Orange, New Jersey.

9. Plaintiff was employed by Building Security Services as a Security Guard from

approximately January 2026, through July 7, 2026. Plaintiff worked as a security guard in a residential building complex in North Bergen, New Jersey.

10. Plaintiff is informed, believes, and alleges that Building Security Services is a for-profit domestic business corporation, with its principal office located in South Orange, New Jersey.

11. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d), and under the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a1, and under the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1.

12. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

13. Plaintiff, Collective, and other similarly situated employees were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e); New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a1, and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1.

14. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Defendant acts as an employer of Plaintiff, Collective, and other similarly situated employees because Defendant, directly or indirectly, controls the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

16. Plaintiff is informed, believes, and alleges that Defendant had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

17. At all material times, Building Security Services has been the "employer" of Plaintiff, Collective members and others similarly situated within the meaning of the FLSA and

New Jersey Labor Law.

18. At all material times, Plaintiff and Collective members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

19. At all material times, Building Security Services has done business under the laws of the United States and the state of New Jersey. Defendant has employed Plaintiff, Collective members, and other similar situated employees in this judicial district

## FACTUAL ALLEGATIONS

20. Plaintiff is informed, believes, and alleges that Defendant is a New Jersey domestic for-profit corporation that provides security services across the United States, including in the state of New Jersey.

21. Plaintiff is informed, believes, and thereon alleges that Defendant employs hundreds of hourly, nonexempt workers similarly situated to Plaintiff as security guards or other similar positions in New Jersey.

22. Plaintiff worked for Defendant as a Security Guard, in a residential complex located in North Bergen, New Jersey. Plaintiff worked for Defendant from approximately January 2026, through July 7, 2026.

23. Defendant classifies Plaintiff, Collective, and other similarly situated employees as non-exempt employees and pays them on an hourly rate basis. Plaintiff was classified as a non-exempt employee and was paid a rate of approximately $18.00 per hour. Collective and other similarly situated employees were paid at similar hourly rates.

24. Plaintiff and, upon information and belief, Collective and other similarly situated employees, frequently work in excess of forty (40) hours in a week.

25. Plaintiff worked five days a week, for approximately 8 hours a day on-the-clock,

for approximately 40 hours a week on-the-clock. In reality, Plaintiff regularly worked additional time while off-the-clock for which he did not receive compensation. Collective and other similarly situated employees also regularly worked hours off-the-clock for which they were not compensated.

26. As a security guard, Plaintiff logged and recorded visitors, which included identification checks to confirm correct names were being used in the visitors' log; monitored security cameras and patrolled the premises; intervened with visitors that attempted to bypass the security guard's station; received and logged tenant communications regarding HVAC issues, lost items, and expected visitors; received and buzzed in deliveries to the complex's mail area; received and liaised with emergency services, including police, emergency medical technicians, and firefighters; prepared incident reports or logs for the incoming shift and/or management to review; and called the complex's administrator and building superintendent to handle priority issues, such as flooded apartments and defective security cameras.

27. First, Defendant does not allow Plaintiff, Collective, and other similarly situated employees to leave their posts until their replacements arrive and relieve them from duty. Despite requiring this of Plaintiff, Collective, and other similarly situated employees, Defendant does not allow Plaintiff, Collective, and other similarly situated employees to remain on-the-clock for the time spent working after their scheduled clock out time waiting for their relief and reporting any matters that would need continued attention throughout the next shift, such as, for example, defective security camaras, issues reported to the building superintendent, issues from tenants related to unwanted visitors, meetings scheduled by management, and receiving updated instructions or tasks from Defendant's management team. Instead, regardless of the additional time spent working by Plaintiff, Collective, and other similarly situated employees at the end of their

shifts, Defendant's time keeping system automatically clocks them out at the end of their scheduled shift. As a result, at the end of their shifts, Plaintiff, Collective, and other similarly situated employees regularly work 10 to 15 minutes off-the-clock each shift while waiting for their replacements, plus an additional 10 to 15 minutes spent reporting pending issues during a daily hand-off to the relief guard, but this additional time is unrecorded and unpaid.

28. Specifically, Defendant's time keeping system does not allow Security Guard to be clocked-in outside of their scheduled shifts, and therefore automatically only records the time worked by Plaintiff, Collective members and other similarly situated employees to reflect their exact scheduled shift, and not the time spent working off the clock before and after their scheduled shift times. Thus, Defendant suffers, allows, requires, and/or permits Plaintiff, Collective, and other similarly situated employees to work an additional 10 – 30 minutes after their shifts unpaid.

29. Second, Plaintiff, Collective, and other similarly situated employees arrive at work up to an hour before their scheduled shift start time and begin work tasks such as posting at the security booth, providing support to the on-duty guard on a daily basis, and receiving information from the on-duty guard related to pending issues that would require attention, such as defective security camaras, issues reported to the building superintendent, issues from tenants related to unwanted visitors, meetings scheduled by management, and receiving updated instructions or tasks from Defendant's management team. However, because Defendant's time keeping system prevents employees from clocking in or clocking out outside of their scheduled shifts, Defendant also fails to compensate Plaintiff, Collective, and other similarly situated employees for this time spent working off-the-clock for Defendant's benefit before the start of their scheduled shift.

30. Third, Plaintiff, Collective, and other similar situated employees regularly receive calls related to work matters while at home between shifts. Defendant would relay updated

instructions or tasks to Plaintiff, Collective, and other similarly situated employees; inform Plaintiff, Collective, and other similarly situated employees of building issues that required continued attention and inquiring about issues with security camera system failures or bugs. Defendant reaps the reward of this constant relaying of information between its guards in the form of continued client satisfaction, but fails to compensate Plaintiff, Collective, and other similarly situated employees for this time spent discussing work matters.

31. As a result of this off-the-clock work before their shifts, after their shifts, and between their shifts, Defendant fails to compensate Plaintiff, Collective and other similarly situated employees all wages due, including overtime wages.

32. The unpaid off-the clock work performed by Plaintiff, Collective, and other similarly situated employees is compensable under the FLSA and applicable New Jersey Labor Laws, as it was performed for the benefit of Defendant and constitutes compensable time for which they were not properly paid.

33. Moreover, Plaintiff, Collective, and other similarly situated employees worked more than forty hours in a workweek, Defendant failed to compensate them at one and one-half times their regular rate of pay for all overtime hours worked. The unpaid off-the-clock work performed by Plaintiff, Collective, and other similarly situated employees is compensable under FLSA and applicable New Jersey Labor law, as it was performed for the benefit of Defendant and constitutes compensable time for which they were not properly paid.

34. Plaintiff is informed, believes, and thereon alleges that Defendant utilizes and applies these time-keeping policies and practices across all of Defendant's job sites.

35. These violations of the FLSA and New Jersey Labor law are willful, and Defendant cannot demonstrate a good faith basis for any purported belief that their conduct complied with

either the FLSA, and/or New Jersey law.

36. Collective and other similarly situated employees were and are employed by Defendant and perform work materially similar to Plaintiff.

37. Plaintiff, Collective, and other similarly situated employees report to locations owned, operated, or managed by Defendant to perform their jobs.

38. Plaintiff, Collective, and other similarly situated employees perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

39. Plaintiff, Collective, and other similarly situated employees are required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

40. At the end of each pay period, Plaintiff, Collective, and other similarly situated employees receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

41. Defendant has employed hundreds of people similarly situated to Plaintiff during the three-year period prior to the filing of this Complaint.

42. Defendant's common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Plaintiff, and the Collective and other similar situated employees. In particular, Defendant failed to record hours that Plaintiff and Collective and other similarly situated employees worked off-the-clock before shifts, after shifts, and between shifts.

43. Defendant did not keep accurate records of the overtime wages earned by Plaintiff and the Collective and other similarly situated employees.

44. Due to Defendant's failure to provide legally mandated earnings statements and wage notices, Defendant was able to hide their wrongdoing from employees and continues to attempt to hide their wrongdoing, necessitating the current litigation.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

45. Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collective of similarly situated employees defined as:

> **All current and former non-exempt, hourly employees of Defendant throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action (the "Collective").**

46. Plaintiff, individually and on behalf of all similarly situated individuals as defined above, seeks relief on a collective basis challenging Defendant's unlawful policies and practices, including the failure to accurately record all hours worked and the failure to properly compensate employees for all hours worked, including overtime wages. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

47. The members of the Collective are similarly situated in that they share substantially similar job duties and responsibilities and are subject to Defendant's common policies, practices, and procedures. These uniform practices require Collective Members to perform work and subsequently result in causing them to work without receiving proper compensation, in violation of the FLSA.

48. Plaintiff is a representative of the members of the Collective and is acting on behalf of their interests as well as his own interests in bringing this action.

49. Plaintiff will fairly and adequately represent and protect the interests of the

members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action, representative, and collective action litigation.

50. The similarly situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's employment records. These individuals may be promptly notified of the pendency of this action and afforded the opportunity to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages (or, in the alternative, prejudgment interest), and reasonable attorneys' fees and costs under the FLSA. Plaintiff anticipates submitting a proposed notice or notices to similarly situated employees, subject to Court approval, to be disseminated via United States Mail and other appropriate means. Such notice(s) will inform FLSA collective members of their right to opt in to this action pursuant to 29 U.S.C. § 216(b) by submitting a written consent by the deadline specified in the notice. The notice(s) will also advise that any judgment rendered in this action—whether favorable or unfavorable—will be binding on all individuals who timely opt in to the FLSA collective action.

**NEW JERSEY REPRESENTATIVE ACTION ALLEGATIONS**

51. Plaintiff brings causes of action as a representative action on behalf of himself and all other similarly situated employees pursuant to the NJWHL and the NJWPL.

52. The NJWHL does not require class certification. Nor does it require an opt-in process for conditional certification like that in FLSA collective actions. *Martinez v. T. Slack Env't Servs., Inc.*, No. A-1008-24, 2026 WL 1899067 (N.J. Super. Ct. App. Div. June 29, 2026).

53. Instead, "the enabling statutory language in N.J.S.A. 34:11-56a25 permits an employee to maintain the action for and on behalf of themself or other employees similarly situated, and the employee has the option to designate an agent or representative to maintain the

action for similarly situated employees" and "neither the language at N.J.S.A. 34:11D-5 nor N.J.S.A. 34:11-56a25 specifically requires class certification or collective action procedures." *Cano v. Cnty. Concrete Corp.*, 483 N.J. Super. 459, 482, 352 A.3d 428, 442 (App. Div. 2026).

54. The same provision and language govern representative actions for violations of the WPL. N.J.S.A. § 34:11-4.10.

55. As such, this matter may proceed as a representative action under the NJWHL and the NJWPL.

**<u>FIRST CAUSE OF ACTION</u>**
**Failure to Pay Overtime**
**Pursuant to 29 U.S.C. §§ 201, *et seq*.**
**(On Behalf of Plaintiff and the Collective Against Defendant)**

56. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

57. The FLSA requires that covered employees receive overtime compensation at no less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

58. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

59. Defendant is a covered employer required to comply with the FLSA's mandates.

60. Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective at the legally mandated overtime rate for work over 40 hours in a week. *See* 29 U.S.C. § 207(a), (g); 29 C.F.R. § 531.35. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

61. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the United States.

62. Plaintiff and the Collective are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

63. Defendant acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

64. As a result of the aforesaid violations of the FLSA's provisions overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

65. Wherefore, Plaintiff and the Collective request relief pursuant to 29 U.S.C.§§201 *et seq*.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime**
**Pursuant to N.J.S.A. §§ 34:11-56a *et seq.***
**(On Behalf of Plaintiff and the Other Similarly Situated Employees Against Defendant)**

66. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

67. Building Security Services does not compensate Plaintiffs and other similar situated

employees with a rate of not less than one and one-half the employee's regular hourly wage for each hour or working time in excess of 40 hours in any week.

68. NJSWHL § 34:11-56a(4) provides that work performed in excess of 40 hours in a given week must be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee.

69. Pursuant to N.J.A.C. § 12:56-6.1, every employer shall pay each of its employees at a rate of not less than one and one-half times the employee's regular hourly rate for each hour of working time in excess of 40 hours in any week.

70. Plaintiff and other similar situated employees are not exempt from New Jersey overtime wage laws under N.J.A.C. § 12:56-7.1 and were therefore entitled to one and one-half times their regular rate of pay for all hours worked in excess of 40 per workweek.

71. For the purposes of calculating overtime premiums, New Jersey Administrative Code 12:56-6.5(b) provides that an employee's hourly rate should be determined as follows:

> The regular hourly wage of an employee is determined by dividing his or her total remuneration for employment, exclusive of overtime premium pay, in any workweek, by the total number of hours worked in that workweek for which such compensation was paid.

72. Wages are defined in NJSWHL § 34:11-56a(1) as:

> any moneys due an employee from an employer for services rendered or made available by the employee to the employer as a result of their employment relationship including commissions, bonus and piecework compensation and including any gratuities received by an employee for services rendered for an employer or a customer of an employer and the fair value of any food or lodgings supplied by an employer to an employee.

73. Defendant failed to properly compensate Plaintiff and other similar situated employees for any overtime hours worked in violation of the NJWHL, N.J.S.A. § 34:11-56a et

seq., and the NJAC.

74. Building Security Services has knowingly and willfully refused to perform its obligation to compensate Plaintiff and the other similar situated employees for all premium wages for overtime work. As a proximate result of the aforementioned violations, Building Security Services has damaged Plaintiffs and other similar situated employees in amounts to be determined according to proof at time of trial.

75. Building Security Services is liable to Plaintiffs and other similar situated employees alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to NJSWHL § 34:11-56a25, and New Jersey Administrative Code 12:56-1.5 and 12:56-5.3(a).

76. Wherefore, Plaintiffs and other similar situated employees request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Provide Accurate Wage Statements and Wage Notices**
**Pursuant to N.J.S.A. §§ 34:11-4.1 *et seq.***
**(On Behalf of Plaintiff and the Other Similarly Situated Employees Against Defendant)**

77. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

78. At all relevant times, Defendant was an employer within the meaning of New Jersey Statutes Annotated 34:11-4.1.

79. At all relevant times, Plaintiff and other similarly situated employees were employees of Defendant within the meaning of New Jersey Statutes Annotated 34:11-4.1.

80. Defendant knowingly and willfully operated their business with a policy of not providing Plaintiff and other similarly situated employees with proper and accurate wage statements, as required under the NJWPL (N.J. Stat. § 34:11-4.6).

81. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members with proper wage notices at the time of hiring, after change in rate of pay, and/or after change in the regular payday designated by Defendants, as required under the NJWPL (N.J. Stat. § 34:11-4.6).

82. Building Security Services is liable to Plaintiffs and other similarly situated employees alleged herein for the civil penalties, with interest thereon. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to NJWPL.

83. Wherefore, Plaintiffs and other similarly situated employees request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Timely Pay Wages Upon Termination**
**Pursuant to N.J.S.A. § 34: 11-4.3**
**(On Behalf of Plaintiff and Other Similarly Situated employees Against Defendant)**

84. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

85. The New Jersey Wage Payment Law, N.J.S.A. 34:11-4.3, provides that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment took place.

86. Plaintiff and other similarly situated employees have terminated their employment with the Defendant, and the Defendant has not tendered payment and/or restitution of wages owed or in the manner required by New Jersey law to them and have thereby caused Plaintiff and other similar situated employees to suffer damages.

87. Therefore, Plaintiffs and other similarly situated employees demand appropriate

penalties for defendant's failure to timely pay wages on behalf of himself and all other similarly situated persons within six years of the filing of this Complaint until date of entry of judgment.

**PRAYER FOR RELIEF**

88. For these reasons, Plaintiff, the Collective, and other similarly situated employees respectfully request that judgment be entered in their favor awarding the following relief:

i. An order preventing Defendant from retaliating in any way against Plaintiff and any Collective member or other similarly situated employees who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

ii. An order designating this action as a collective action on behalf of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals, apprising them of the pendency of this action, and permitting them to assert timely claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

iii. An order finding that Defendant violated the FLSA;

iv. An order finding Defendant violated the FLSA willfully;

v. All unpaid wages due under the FLSA;

vi. An equal amount as liquidated damages as allowed under the FLSA;

vii. Reasonable attorneys' fees, costs, interest, and expenses of this action as provided by the FLSA;

viii. An order finding that Defendant violated New Jersey law;

ix. All unpaid regular wages due under New Jersey law;

x. All unpaid overtime wages due under New Jersey law to the extent same does not

duplicate overtime wages due under the FLSA;

xi. An award of liquidated damages as provided by New Jersey law;

xii. All attorneys' fees, costs, and disbursements as provided by New Jersey law;

xiii. For pre-judgment and post-judgment interest on any damages and/or penalties awarded, as provided by applicable law;

xiv. Reasonable service award for Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective; and

xv. Such other and further relief as this Court deems just and proper.

Dated: August 24, 2026

Respectfully Submitted,

*/s/ James B. Jackson*

James B. Jackson (New Jersey Bar No. 419892022)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
jjackson@schneiderwallace.com

Carolyn H. Cottrell (*Pro Hac Vice forthcoming*)
California Bar No. 166977
Ori Edelstein (*Pro Hac Vice forthcoming*)
California Bar No. 268145
Robert E Morelli, III (*Pro Hac Vice forthcoming*)
California Bar No. 363123
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

Sabine Jean (New Jersey Bar No. 362202021)
**LAWYERS *for* JUSTICE, P.C.**

217 Broadway, Suite 511
New York, New York 10007
Telephone: (516) 587-8423
Facsimile: (818) 265-1021
s.jean@calljustice.com

*Attorneys for Plaintiff, the Putative Class, the Putative Collective, and other similar situated employees*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: August 24, 2026

Respectfully Submitted,

*/s/ James B. Jackson*

James B. Jackson (New Jersey Bar No. 419892022)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
jjackson@schneiderwallace.com

Carolyn H. Cottrell (*Pro Hac Vice forthcoming*)
California Bar No. 166977
Ori Edelstein (*Pro Hac Vice forthcoming*)
California Bar No. 268145
Robert E Morelli, III (*Pro Hac Vice forthcoming*)
California Bar No. 363123
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorellli@schneiderwallace.com

Sabine Jean (New Jersey Bar No. 362202021)
**LAWYERS *for* JUSTICE, P.C.**

217 Broadway, Suite 511
New York, New York 10007
Telephone: (516) 587-8423
Facsimile: (818) 265-1021
s.jean@calljustice.com

*Attorneys for Plaintiff, the Putative Collective, and other similar situated employees*